2005

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM E. KRAEMER,<br>DONALD E. McCOURT,<br>GEORGE T. HELM, JR. and<br>ROBIN L. SAMPSON,<br><br>Defendants. | ) | Civil Action No. 01-358-ML |

**CONSENT TO FINAL JUDGMENT OF**
**PERMANENT INJUNCTION, DISGORGEMENT AND OTHER RELIEF**
**BY DEFENDANT ROBIN L. SAMPSON**

1. Defendant Robin L. Sampson acknowledges having been served with the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over him and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which he admits), Sampson hereby consents to the entry of the Final Judgment (the "Final Judgment") in the form attached hereto and incorporated by reference herein, which, among other things:

(a) permanently restrains and enjoins him from violation of Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)], and

**Initials:**

Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5];

(b) orders him to pay disgorgement in the amount of $15,000, together with prejudgment interest thereon in the amount of $10,492, for a total of $25,492 but waives payment of his disgorgement obligation and prejudgment interest based upon his financial condition; and

(c) does not require him to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C.§77t(d)] or Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)].

3. Sampson acknowledges that the Court is not requiring payment of disgorgement and pre-judgment interest and is not imposing a civil penalty based upon his sworn representations in his Statement of Financial Condition dated September 26, 2005 and other documents and information submitted to the Commission. Sampson further consents that if, at any time following the entry of the Final Judgment, the Commission obtains information indicating that his representations to the Commission concerning his assets, income, liabilities or net worth were fraudulent, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to him, petition the Court for an order requiring him to pay the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Sampson was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In any such petition, the Commission

**Initials:**

may move the Court to consider all available remedies, including but not limited to ordering Sampson to pay funds or assets, directing the forfeiture of any assets, or imposing sanctions for contempt of the Court's Final Judgment. The Commission may also request additional discovery. Sampson may not, by way of defense to such petition: (i) challenge the validity of this Consent or the Final Judgment; (ii) contest the allegations in the Complaint; (iii) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (iv) contest the amount of disgorgement or pre-judgment or post-judgment interest; (v) contest the imposition of the maximum civil penalty allowable under the law; or (vi) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

4. Sampson waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

5. Sampson waives the right, if any, to appeal from the entry of the Final Judgment.

6. Sampson enters into this Consent voluntarily and represents that no threats, offers, promises or inducements of any kind have been made by the Commission or any member, officer, employee, agent or representative of the Commission to induce him to enter into this Consent.

7. Sampson agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

8. Sampson will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

**Initials:**

9. Sampson waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to him of its terms and conditions. Sampson further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court and upon receipt of a copy of the Final Judgment from counsel for the Commission, with an affidavit or declaration stating that he has received and read a copy of the Final Judgment.

10. Consistent with 17 C.F.R. §202.5(f), this Consent resolves only the claims asserted against Sampson in this civil proceeding. Sampson acknowledges that no promise or representation has been made to him by the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Sampson waives any claim of double jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Sampson further acknowledges that the Court's entry of a permanent injunction against him may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.

11. Sampson understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings" [17 C.F.R. §202.5(e)]. In

Initials: AS

compliance with this policy, Sampson agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, he hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Sampson breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this provision affects Sampson's: (i) testimonial obligations; or (ii) right to take legal positions in litigation in which the Commission is not a party.

12. Sampson hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses or costs expended by him to defend against this action. For these purposes, Sampson agrees that he is not the prevailing party in this action since the parties have reached a good faith settlement.

13. Sampson agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

14. Sampson agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

ROBIN L. SAMPSON

On this 7 day of OCT, 2005, Robin L. Sampson, being known to me, personally appeared before me and did duly acknowledge to me that he executed the foregoing Consent.

Notary Public

MY COMMISSION EXPIRES July 8th 2006

JASON QUINLAN

Initials: