UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM E. KRAEMER, )<br>DONALD E. McCOURT, )<br>GEORGE T. HELM, JR. and )<br>ROBIN L. SAMPSON, )<br>)<br>Defendants. )<br>) | Civil Action No. 01-358-ML |

**FINAL JUDGMENT OF PERMANENT INJUNCTION,
DISGORGEMENT AND OTHER RELIEF
AS TO DEFENDANT ROBIN L. SAMPSON**

Plaintiff Securities and Exchange Commission ("Commission") having filed a Complaint in this action, and defendant Robin L. Sampson ("Sampson") having: (i) entered a general appearance; (ii) consented to the Court's jurisdiction over him and over the subject matter of this action; (iii) consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); (iv) waived findings of fact and conclusions of law; and (v) waived any right to appeal from this Final Judgment:

**I.**

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Sampson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are

permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77q(a)] by, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails: (a) employing any device, scheme or artifice to defraud; (b) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser of such security.

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Sampson and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78j(b)] and Rule 10b-5 thereunder [17 C.F.R. §240.10b-5] by, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) employing any device, scheme, or artifice to defraud; (b) making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**III.**

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that, pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], Sampson is liable for disgorgement of $15,000, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $10,492, for a total of $25,492. However, based upon Sampson's sworn representations in his Statement of Financial Condition dated September 26, 2005, and other documents and information submitted to the Commission, payment of the disgorgement obligation plus pre-judgment interest thereon is waived, and the Court is not ordering Sampson to pay a civil monetary penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)] or Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)]. The determination to waive disgorgement and pre-judgment interest and not to impose a penalty is contingent upon the accuracy and completeness of Sampson's Statement of Financial Condition dated September 26, 2005. If at any time following the entry of this Final Judgment, the Commission obtains information indicating that Sampson's representations to the Commission concerning his assets, income, liabilities or net worth were fraudulent, inaccurate or incomplete in any material respect as of the time such representations were made, the Commission may, at its sole discretion and without prior notice to him, petition the Court for an order requiring him to pay the disgorgement, pre-judgment and post-judgment interest thereon, and the maximum civil penalty allowable under the law. In connection with any such petition, the only issue shall be whether the financial information provided by Sampson was fraudulent, misleading, inaccurate or incomplete in any material respect as of the time such representations were made. In its

petition, the Commission may move the Court to consider all available remedies, including, but not limited to, ordering Sampson to pay funds or assets, directing the forfeiture of any assets, or imposing sanctions for contempt of this Final Judgment. The Commission may also request additional discovery. Sampson may not, by way of defense to such petition: (i) challenge the validity of his Consent or this Final Judgment; (ii) contest the allegations in the Complaint filed by the Commission; (iii) assert that payment of disgorgement, pre-judgment or post-judgment interest, or a civil penalty should not be ordered; (iv) contest the amount of disgorgement or pre-judgment or post-judgment interest; (v) contest the imposition of the maximum civil penalty allowable under the law; or (vi) assert any defense to liability or remedy, including, but not limited to, any statute of limitations defense.

## IV.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that Sampson is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. §240.3a51-1].

## V.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Sampson shall comply with all of the undertakings and agreements set forth therein.

## VI.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over Sampson as a party to this matter for all purposes, including the implementation and enforcement of this Final Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

DONE AND ORDERED at Providence, Rhode Island, this 12th day of October, 2005.

_____
UNITED STATES DISTRICT JUDGE